UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jessie M., <br><br> Plaintiff, <br><br> vs. <br><br> Kilolo Kijakazi, Commissioner of Social Security, <br><br> Defendant. | 2:23-cv-00205-VCF <br><br> **Order** <br><br> MOTION TO REMAND [ECF NO. 16]; CROSS-MOTION TO AFFIRM [ECF NO. 22] |

This matter involves plaintiff Jessie M.'s request for a remand of the Administrative Law Judge's ("ALJ") final decision denying her social security benefits. Jessie filed a motion for remand (ECF No. 16) and the Commissioner filed a cross-motion to affirm. (ECF No. 22). I deny the plaintiff's motion to remand and grant the Commissioner's cross-motion.

**I.   Background**

Jessie M. filed an application for supplemental security income on March 13, 2020, alleging disability commencing December 1, 2014. AR[1] 290-296. The ALJ followed the five-step sequential evaluation process for determining whether an individual is disabled. 20 C.F.R. § 404.1520. The ALJ agreed that Jessie did not engage in substantial gainful activity since her application date of March 13, 2020. A.R. 28. The ALJ found that Jessie suffered from medically determinable severe impairments consisting of a back impairment, osteoarthritis, and epilepsy. A.R. 28. The ALJ decided that the

---

[1] The Administrative Record ("AR") is at ECF No. 14.

1

impairment did not meet or equal any "listed" impairment. A.R. 31, citing 20 C.F.R. part 404, subpart P, Appendix 1. The ALJ assessed Jessie C. Mallonee as retaining the residual functional capacity to perform the demands of light work except:

> [she] can lift and/or carry 20 pounds occasionally and ten pounds frequently; stand and walk six hours in an eight-hour workday; sit six hours in an eight-hour workday; occasionally climb ladders, ropes, and scaffolds; occasionally crawl; frequently climb ramps or stairs, stoop, kneel, or crouch; avoid concentrated exposure to extremes of heat and hazards, such as unprotected heights and dangerous machinery like chainsaws and jackhammers. (A.R. 32, ¶4 citing 20 C.F.R. § 416.967).

A.R. 31. The ALJ determined that Mallonee did not have past relevant work. A.R. 35. The ALJ classified Jessie C. Mallonee as a younger individual on the alleged onset date. A.R. 35. The ALJ categorized Mallonee as possessing a high school education. A.R. 35. The ALJ treated the question of transferability of skills as immaterial. A.R. 35. The ALJ adduced and accepted testimony of a vocational expert that an individual of Jessie C. Mallonee's age, education, work experience, and residual functional capacity could perform the work of housekeeper, photocopy machine operator, and cashier. A.R. 35. The ALJ concluded that Jessie C. Mallonee did not suffer from a disability since March 13, 2020. A.R. 36.

Plaintiff argues that the ALJ's s reasons for rejecting the consultative examiner's opinion are not supported by substantial evidence. ECF No. 16. The Commissioner argues that the ALJ evaluated the medical opinion evidence consistent with the substantial evidence standard. ECF No. 22. Plaintiff did not file a reply.

//

## II. Discussion

### a. Legal Standard

The Fifth Amendment prohibits the government from depriving persons of property without due process of law.  U.S. Const. amend. V.  Social security plaintiffs have a constitutionally protected property interest in social security benefits.  *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990).  When the Commissioner of Social Security renders a final decision denying a plaintiff's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

"On judicial review, an ALJ's factual findings [are] 'conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)). The substantial evidence threshold "is not high" and "defers to the presiding ALJ, who has seen the hearing up close." *Id.* at 1154, 1157; *Ford v. Saul*, 950 F.3d 1141, 1159 (9th Cir. 2020) (quoting *Biestek*); see also *Valentine v. Astrue*, 574 F.3d 685, 690 (9th Cir. 2009) (substantial evidence "is a highly deferential standard of review"). The substantial evidence standard is even less demanding than the "clearly erroneous" standard that governs appellate review of district court fact-finding—itself a deferential standard. *Dickinson v. Zurko*, 527 U.S. 150, 152-53 (1999). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

The District Court's review is limited. *See Treichler v. Comm'r of SSA,* 775 F.3d 1090, 1093 (9th Cir. 2014) ("It is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency.") The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 217 (1938) (defining "a mere scintilla" of evidence). If the evidence supports more than one interpretation, the Court must uphold the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

### b. Analysis

The ALJ found Dr. Duran's opinion "not persuasive." AR 33-34; see generally AR 614-20. Dr. Duran opined that plaintiff could occasionally lift and/or carry less than ten pounds; could stand and/or walk less than two hours in an eight-hour workday; needed a cane to ambulate; could sit less than six hours of an eight-hour workday; could never climb ramps, stairs, ladders, or scaffolds; could never balance, stoop, bend, kneel, crouch, squat, or crawl; and could not reach, finger, or handle objects. AR 33-34, 615-19. Dr. Duran noted tangential speech, impaired memory, and a bizarre affect. AR 33-34, 619. Dr. Duran indicated plaintiff was dependent on an assistive device and had postural instability with heights and moving machinery. AR 33-34, 620. The ALJ found that the opinion lacked both supportability and consistency. AR 33-34.

The ALJ found that "[t]he examination of Dr. Duran did not fully support his opinion." AR 34. An opinion's supportability is in relation to the source's explanations and presented objective evidence. 20 C.F.R. § 416.920c(c)(1). Although Dr. Duran noted "Normal – 5/5" strength throughout based on examination, he opined that plaintiff could only lift less than ten pounds occasionally at less than a sedentary level and could stand/walk less than two hours during an eight-hour workday. AR 617. Agency policy explains that a person may be expected to have muscle wasting or atrophy when unable to stand or walk for more than a short amount of time each day. SSR 16-3p, 2017 WL 5180304, at 5. On

Dr. Duran's examination, plaintiff demonstrated normal 5/5 strength throughout. AR 615. Plaintiff was able to get up and down from the exam table "without difficulty," which was at odds with his opinion that plaintiff could never engage in any postural activities. AR 34, 616, 618. Plaintiff was also "[a]ble to pinch, grasp, and manipulate objects without difficulty." AR 616.

The ALJ found that Dr. Duran's opinion was inconsistent with the record as a whole. AR 34. An opinion's persuasiveness is in relation to its consistency with evidence from other sources. 20 C.F.R. § 416.920c(c)(2). Not only did Dr. Duran's examination show that plaintiff had normal 5/5 strength, but so did the balance of the record. AR 34; see AR 165, 171, 174, 535 (showing that strength and sensation were both grossly intact), 555 ("Normal muscle strength and tone"), 635 (normal muscle bulk and tone throughout), 1218. Plaintiff also reported that her pain symptoms improved with injections. AR 34 (citing AR 1171). Plaintiff "did not have evidence of focal neurological deficit and did not have an[y] observed sensory or motor deficits." AR 34 (citing AR 453 ("No focal neurological deficit observed, normal sensory observed (Gross), normal motor observed (Gross), normal speech observed, normal coordination observed."), 541, 1171, 1270).

Although Dr. Duran indicated plaintiff had an impaired gate and required an assistive device, the record showed that she largely had normal gait without an assistive device. AR 34 (citing AR 530 ("Gait is normal without assistive device."), 617 (Dr. Duran's finding of impaired gait), 635 ("Steady regular gait"), 1218 ("Gait Normal"), 1249 ("Unassisted gait. No foot drop.")); see also AR 541, 546, 551, 573, 1087, 1171. The record showed that plaintiff drove, which was inconsistent with Dr. Duran's opinion that plaintiff was unable to mobilize her left arm or engage in any postural capacity and had limited neck and back mobility. AR 34 (citing AR 650 (noting plaintiff's arrest for driving under the influence (DUI))); see also AR 53-54 (plaintiff testifying about her DUI). The ALJ also found that the severity of

5

limitations opined by Dr. Duran was inconsistent with plaintiff's ability to prepare her own simple meals, do laundry, and shop in stores. AR 34 (citing AR 54-57, 346, 349, 391-92).

The ALJ found that, although Dr. Duran noted a "bizarre affect", other examinations showed that she demonstrated a good mood. AR 54 (citing AR 619 (Dr. Duran's notes), 650 (noting appropriate affect, good mood, normal orientation, normal motor function, normal speech, good attention and focus, concrete thought process, no hallucinations, and fair judgment and insight), 1277 (noting plaintiff was cooperative and did not appear to be in acute distress). The record showed plaintiff's affect to be appropriate. AR 1059, 1060, 1062, 1064, 1066, 1068-69, 1071-72, 1191, 1193. The ALJ found that plaintiff's subjective symptom statements were inconsistent with the objective medical evidence, plaintiff's improvements through treatment, and her activities of daily living. AR 29-34.

The "key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding." *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997). I find that the ALJ's findings in this case were well-supported by discussion and specific references to the record. AR 33-34. The ALJ reasonably discussed the factors related to the persuasiveness of Dr. Duran's opinion. The ALJ evaluated the persuasiveness of Dr. Duran's opinion with ample discussion related to supportability and consistency. The ALJ provided specific, concrete examples showing how the opinion lacked supportability and consistency with the record as a whole. Because substantial evidence supports the ALJ's analysis, I uphold it.

Accordingly,

I ORDER that plaintiff Jessie's motion for reversal and/or remand (ECF No. 16) is DENIED and the Commissioner's cross-motion to affirm (ECF No. 22) is GRANTED.

The Clerk of Court is directed to enter final judgment in favor of Kilolo Kijakazi, Commissioner

of Social Security.

DATED this 11th day of December 2023.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE